## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Mary Grace DeSantis,                  :
        Plaintiff            :
                         :
           v.          :    **JURY TRIAL DEMANDED**
                         :
Abington Memorial Hospital,     :
        Defendant       :    Civil Action
                         :    No.

## COMPLAINT

Mary Grace Desantis, plaintiff, files this complaint, demanding a jury trial and stating claims for relief as follows:

### JURSIDICTION AND VENUE

1.  Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991 the Equal Pay Act of 1963, the Pennsylvania Equal Pay Law and the Pennsylvania Human Relations Act.

2.  This Court has jurisdiction pursuant to the following statutes:

    a.      42 U.S.C.§ 2000e-5, which gives district courts original jurisdiction over civil actions arising under Title VII of the Civil Rights Act of 1964;

    b.      28 U.S.C. § 1343(a)(4), which gives district courts original jurisdiction over civil rights actions generally;

    c.      28 USC § 1367, which gives the district court supplemental jurisdiction over state law claims that are so related to federal claims in the action that they form part of the same cause or controversy.

3.  Venue is appropriate in this judicial district under 28 U.S.C. § 1367 because the events that gave rise to this Complaint occurred in this district.

## PROCEDURAL HISTORY

4.   Plaintiff initiated a complaint alleging gender discrimination with the Pennsylvania Human Relations Commission ("PHRC") on August 28, 2012 by completing and submitting a PHRC Form "IN-8" entitled "Non Promotion/Transfer Questionnaire".

5.   This was timely filed since the form was filed within 180 days of the alleged act of discrimination and the complaint was docketed as PHRC number 201301031.

6.   The complaint was also filed with the Equal Employment Opportunity Commission ("EEOC") and the complaint was docketed as EEOC number 530-2012-3592.

7.   The Plaintiff received a Notice of Right to Sue by the EEOC on July 31, 2013 and this document is attached to this Amended Complaint as Exhibit A.

## PARTIES

8.   The Plaintiff is a citizen of the United States and resides in Montgomery County, Commonwealth of Pennsylvania, which is in this judicial district.

9.   The Defendant is a corporation organized under the laws of the Commonwealth of Pennsylvania with corporate offices located at 1200 Old York Road, Abington, PA 19001.

10. The Defendant is an employer that employs greater than 500 individuals.

## FACTS

11. The Plaintiff's gender is female.

12. The Plaintiff began her employment with the Defendant in January 2007.

13. The Plaintiff last worked for Abington Memorial Hospital on March 8, 2012 as a Staff Accountant in the finance department at Defendant's location in Willow Grove, PA.

14. The Plaintiff worked under the direction of the assistant controller who was Robert Cartafalsa from the beginning of her employment until March 2011.

15. From May 2011 until the end of her employment with the Defendant, the Plaintiff's direct supervisor was Judson Erick.

16. At all relevant times hereunder, the Defendant's supervisor reported directly to the Controller, who is identified as Ronald Fabrizio.

17. Since the beginning of his employment, Mr. Erick showed a bias against his female employees, including but not limited to the Plaintiff.

18. Mr. Erick, and therefore Defendant, was verbally abusive to the Plaintiff on several occasions.

19. Mr. Erick, and therefore Defendant, was dismissive and unresponsive to concerns and suggestions identified by the Plaintiff.

20. Mr. Erick, and therefore Defendant, belittled and humiliated the Plaintiff on several occasions.

21. Mr. Erick, and therefore Defendant, would require female finance department employees exempt from the wage and hour law, including the Plaintiff, to use paid time off on occasions when they left early and would not require the same of male finance department employees exempt from the wage and hour law.

22. Mr. Erick, and therefore Defendant, would not honor agreed upon scheduling concessions made by his predecessor, Mr. Cartafalsa, for certain female finance department employees while he continued to honor such concessions for male finance department employees.

23. Besides the Plaintiff, several other female employees of the finance department have been and continue to be treated more unfavorably than similarly situated male employees.

24. Several other female employees of departments that were associated and/or that interacted with the finance department have been treated unfavorably.

25. Male employees in the finance department with similar experience as female employees earn greater salary.

26. Virginia McNally, Senior Accountant, earned less than her male counterparts Thomas Fallon and Robert Fricke despite equivalent experience.

27. The Plaintiff was told upon hire that her wages were based on those of Ms. McNally, and therefore any unfair payment practices against Ms. McNally had a direct impact upon the compensation of the Plaintiff.

28. In October 2011 a senior accountant position became available in the department and despite the Complainant directly inquiring to Mr. Erick about the position, Mr. Erick never bothered to ask the Plaintiff about her interest in the position and, in fact, made it known that he would not consider her or another female employee of the hospital for the position despite their qualifications.

29. Mr. Erick instead hired a male, Robert Fricke, at significantly more salary than Ms. McNally.

30. The Plaintiff and other female employees of the Defendant individually complained of their treatment by Mr. Erick to Mr. Fabrizio.

31. The Plaintiff and other female employees of the Defendant individually complained to members of Human Resources management team of Mr. Erick's mistreatment.

32. Despite these complaints no action was taken by Mr. Fabrizio or Human Resources representatives to investigate or to stop Mr. Erick's behavior.

## COUNT 1

## VIOLATION OF CIVIL RIGHTS ACTS OF 1964 AND 1991

## BY FAILING TO PROMOTE PLAINTIFF

33. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

34. Defendant has discriminated against plaintiff in the terms and conditions of plaintiff's employment because of plaintiff's gender.

35. The Defendant promoted similarly situated males while failing to promote the plaintiff and other women.

36. As a direct and proximate result of Defendant's violation of the Civil Rights Acts of 1964 and 1991, the Plaintiff has sustained economic damages as well as emotional distress, including but not limited to loss of enjoyment of life, depression, anxiety, feeling of helplessness, sleeplessness and impairment of her relationship with spouse and children.

## COUNT 2

## VIOLATION OF CIVIL RIGHTS ACTS OF 1964 AND 1991 BY

## FAILING TO COMPENSATE HER EQUAL TO SIMILARLY SITUATED MALES

37. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

38. Defendant has discriminated against plaintiff in the terms and conditions of plaintiff's employment because of plaintiff's gender.

39. The Defendant compensated the plaintiff and other women on an unequal and lesser basis than similarly situated males.

40. As a direct and proximate result of Defendant's violation of the Civil Rights Acts of 1964 and 1991, the Plaintiff has sustained economic damages as well as emotional distress, including but not limited to loss of enjoyment of life, depression, anxiety, feeling of helplessness, sleeplessness and impairment of her relationship with spouse and children.

## COUNT 3

### VIOLATION OF EQUAL PAY ACT OF 1963, AS AMENDED, BY
### FAILING TO COMPENSATE HER EQUAL TO SIMILARLY SITUATED MALES

41. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

42. The Defendant has discriminated against the plaintiff and other women by compensating female employees less than similarly situated male employees for the same job.

43. As a direct and proximate result of Defendant's violation of the Equal Pay Act of 1963, as amended, the Plaintiff has sustained economic damages

## COUNT 4

### VIOLATION OF PENNSYLVANIA'S EQUAL PAY LAW BY
### FAILING TO COMPENSATE HER EQUAL TO SIMILARLY SITUATED MALES

44. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

45. The Defendant has discriminated against the plaintiff and other women by compensating female employees less than similarly situated male employees for the same job.

46. As a direct and proximate result of Defendant's violation of the Pennsylvania Equal Pay law, the Plaintiff has sustained economic damages.

## COUNT 5

### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT

### BY FAILING TO PROMOTE PLAINTIFF

47. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

48. Defendant has discriminated against plaintiff in the terms and conditions of plaintiff's employment because of plaintiff's gender.

49. The Defendant promoted similarly situated males while failing to promote the plaintiff and other women.

50. As a direct and proximate result of Defendant's violation of the Pennsylvania Human Relations Act, the Plaintiff has sustained economic damages as well as emotional distress, including but not limited to loss of enjoyment of life, depression, anxiety, feeling of helplessness, sleeplessness and impairment of her relationship with spouse and children.

**COUNT 6**

**VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT BY FAILING TO COMPENSATE HER EQUAL TO SIMILARLY SITUATED MALES**

51. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

52. Defendant has discriminated against plaintiff in the terms and conditions of plaintiff's employment because of plaintiff's national origin.

53. The Defendant compensated the plaintiff and other women on an unequal and lesser basis than similarly situated males.

54. As a direct and proximate result of Defendant's violation of the Civil Rights Acts of 1964 and 1991, the Plaintiff has sustained economic damages as well as emotional distress, including but not limited to loss of enjoyment of life, depression, anxiety, feeling of helplessness, sleeplessness and impairment of her relationship with spouse and children.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant providing the following relief:

(a)     Compensatory damages in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

(b)     Punitive damages against Defendant in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

(c)     An order placing Plaintiff in the position that she would have been in had there been no violation of his rights;

(d)     an award of interest, costs, and reasonable attorney's fees; and

(e)     such other and further relief as the Court deems appropriate.


Respectfully Submitted,


GRC8753
__/s/ Gerald R. Clarke_____
Gerald R. Clarke
PA Bar Number 86236
Attorney for Plaintiff
119 S Easton Road, Suite 207
Glenside, PA 19038
Telephone: 215-572-0530
Fax: 215-884-4152
Email: jclarke@clarkeandassoc.com